In the Matter of the Petition of GIUSEPPINA D'ANDREA, as Executrix of and under the Last Will and Testament of VINCENZO D'ANDREA, Deceased, for the Sale of Real Property for Distribution.

Surrogate's Court, Westchester County, April, 1922.

**Real property — tenancy by deceased in common with surviving wife — decedent's estate — when surrogate will grant executrix permission to sell undivided one-half interest of deceased even within one month after grant of letters — bond.**

Where at his death the testator and his wife were the owners as tenants in common of certain real estate and within a month of the grant of letters testamentary the wife as executrix of her husband makes application under section 234(6) of the Surrogate's Court Act for leave to sell the undivided one-half interest in said real estate, which at present can be sold for a fair price, for the purpose of distribution, as the interests of infants are involved, the prayer of the petition may be granted as matter of discretion, thereby avoiding a partition suit even though no order to advertise for debts against the estate has been made.

The order to be entered will direct that the proceeds of sale be paid to the executrix upon her giving a bond subject to the approval of the court.

PROCEEDING to sell real estate.

*R. A. Carretta (Leo O'Brien,* of counsel), for petitioner.

SLATER, S. A rather unusual request is made in this proceeding for the exercise of the court's discretion. Vincenzo D'Andrea died February 29, 1921, leaving a will admitted to probate March 9, 1922, and letters testamentary were issued the same day. No order to advertise for debts against this estate has been made. At the time of his decease the testator and his wife were owners as tenants in common of a parcel of real estate in the city of Mount Vernon. Within about a month after issuance of letters,

the petitioner herein asks the court's permission to sell the undivided one-half interest in certain real estate for the purpose of distribution, as the interests of infants are involved. The application is made pursuant to subdivision 6 of section 234 of the Surrogate's Court Act, which reads as follows:

" Such real property may also be sold:

" 6. For the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, proven or adjudged incompetents, absentees, or persons unknown, *whenever in his discretion the surrogate may so direct.*"

The revisers' note with regard to subdivision 6 is not in harmony with the language of the subdivision.

Prior to the revision of 1914, real property could be sold in this court within three years after letters, for the payment of *debts* only. Jurisdiction was vested in the Supreme Court in all other matters relating to the sale of real property. The scheme of the law was changed in 1914 when the Code was amended and enlarged power granted to Surrogates' Courts. The law now provides for the sale of real property for the payment of debts and claims, and *also for the purpose of distribution* as aforesaid. For the sale of real property to satisfy any claim, debt or demand, the proceedings must be commenced within eighteen months of the date of letters, unless brought by a representative of the estate. Laws of 1921, chap. 201. Former section 2703 of the Code, now section 234 of the Surrogate's Court Act, states for *what purposes* real property is subject to disposition, viz., for payment of debts, funeral expenses, expenses of administration, transfer tax, payment of any debt or legacy charged thereupon. Under the 6th subdivision thereof, for the payment and distribution of shares to the parties entitled thereto, where any or all are infants, incompetent, absentees, or unknown, whenever in his discretion the surrogate may so direct. Former section 2705 of the Code of Civil Procedure, now section 236 of the Surrogate's Court Act, relates to *when* real property may be sold. This section was materially changed by chapter 317, Laws of 1918. At any time an executor or administrator may now apply for an order to sell the real estate for any of the purposes specified in section 234 by presenting a petition showing the personal property to be insufficient for payment of demands and charges; and upon a judicial settlement of the accounts, any party may show proof of such facts to order a sale of the real property for any of the reasons specified in section 234. In the first part of the section it is not clear whether a sale for purposes of distribution can be had. In the latter part of the section a sale for purposes of distribution may be had upon a judicial settle-

ment. A judicial settlement cannot be had within six months from issuance of letters. Surrogate's Court Act, § 261. Former section 2711 of the Code, now section 242 of the Surrogate's Court Act, relates to the execution of the order of sale, and says in part: " Except that no decree of distribution or disposition of the proceeds shall be made in a proceeding *commenced within* six months from the grant of letters, until the time for the presentation of claims as fixed by a notice duly published has expired, or one year has expired since letters were first issued." This part was added by chapter 684, Laws of 1917.

The confusion in this article of the Surrogate's Court Act relating to sale of decedent's real property has been occasioned by the fact that the original article adopted in 1914 has been amended by chapter 684 of the Laws of 1917 and chapter 317 of the Laws of 1918. The amendments were to clarify, but considerable doubt exists in the court's mind as to whether that result has been well accomplished. The legislature in a cumbersome manner has succeeded in placing into the law two amendments that answer in the affirmative the question of the court's jurisdiction to grant the prayer of the petition in the instant case, namely, in section 236, where power is given to the surrogate to sell real property for the purpose of distribution whenever in his discretion he may so direct, and in section 242, where it states that no decree of distribution shall be made in a proceeding commenced within six months from the grant of letters. These sections indicate that the legislature intended to give discretion to the court to sell real property for the purpose of distribution at any time where there was an infant, incompetent, absentee, or unknown, and withhold the distribution of the assets until judicial settlement. However, a revision of this article of the Surrogate's Court Act would be advisable for purposes of clarity. So early a sale of real property affronts the orderly procedure of the law in the settlement of estates, but discretion has been lodged with the court, and the instant case is one where the court feels it should exercise its discretion in favor of the petitioner because the decedent owned an undivided half of the property, and the real property can be sold at this time for a fair price. A sale in this proceeding will also avoid a partition suit. The proceeds of sale will be paid to the executrix upon her executing such a bond as may meet with the approval of the court. It is for the best interests of all persons interested in the decedent's estate to grant the petition. The prayer of the petitioner is granted.

Decreed accordingly.